**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANN A. BLANTON,<br>    o/b/o NATALIE A. BLANTON,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>   Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 1:10-cv-2463<br><br>JUDGE WELLS<br><br>MAGISTRATE JUDGE VECCHIARELLI<br><br><br><br>**REPORT AND RECOMMENDATION**<br>Doc. No. 13, 17 |

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation. Before the Court is Defendant, Michael J. Astrue, the Commissioner of Social Security's ("the Commissioner") motion to dismiss ("Motion to Dismiss") Plaintiff Ann A. Blanton's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing. (Doc. No. 13.) Plaintiff opposes. (Doc. No. 16.) Also before the Court is Plaintiff's motion to amend her complaint ("Motion to Amend"). (Doc. No. 17.) For the reasons set forth below, the Magistrate Judge recommends that: (1) the Commissioner's Motion to Dismiss should be GRANTED, but the Commissioner's motion to dismiss Plaintiff's claim for SSI should be granted *with prejudice* and his motion to dismiss Plaintiff's claim for DIB should be granted *without prejudice*; (2)

Plaintiff's Motion to Amend should be DENIED because the proposed amended complaint does not cure the defect in the original complaint; and (3) Plaintiff should be permitted to file a second amended complaint consistent with this Report and Recommendation within 14 days if she has a good faith factual basis and evidentiary support to do so.

**I.**

On October 28, 2010, Plaintiff filed her complaint on behalf of Natalie A. Blanton ("the claimant"), challenging the Commissioner's final decision denying the claimant's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. (Doc. No. 1.) Plaintiff's complaint alleges that the claimant is deceased. (Doc. No. 1.)

On April 18, 2011, the Commissioner filed his Motion to Dismiss on the basis that Plaintiff does not have standing to sue the Commissioner on behalf of the claimant, as Plaintiff did not state her relationship with the claimant in the complaint and has not established that she has a personal stake in this matter. (Doc. No. 13.)

On May 18, 2011, Plaintiff filed her brief in opposition ("Brief in Opposition") to the Commissioner's Motion to Dismiss. (Doc. No. 16.) Plaintiff explains that she is the claimant's mother. (Pl.'s Br. Opp'n 1-3). Plaintiff concedes that she does not have standing to sue the Commissioner for the denial of the claimant's SSI application, (Pl.'s Br. Opp'n 4), but contends that she has standing to sue the Commissioner for the denial of the claimant's DIB application. Plaintiff asserts that she is the claimant's parent and, therefore, qualifies as an individual eligible to receive her deceased child's

potential DIB underpayment pursuant to 20 C.F.R. § 404.503(b) and 42 U.S.C. § 404(d).

Also on May 18, 2011, Plaintiff filed her motion to amend her complaint. (Doc. No. 17.) Plaintiff seeks to add allegations to her complaint that provide that Plaintiff is the claimant's mother, and that Plaintiff submitted a "Notice Regarding Substitution of Party Upon Death of Claimant" form to the Appeals Council. (Pl.'s Mot. Amend 1.) Plaintiff attached three documents to her Motion to Amend: the Notice Regarding Substitution of Party Upon Death of Claimant (Pl.'s Mot. Amend Attach. 1), the claimant's obituary (Pl.'s Mot. Amend Attach. 1), and the claimant's death certificate (Pl.'s Mot. Amend Attach. 2).

On June 15, 2011, the Commissioner filed his reply to Plaintiff's opposition to the Commissioner's Motion to Dismiss. (Doc. No. 19.) The Commissioner has not, however, opposed Plaintiff's Motion to Amend.

**II.**

Article III of the United States Constitution limits the judicial power of federal courts to "Cases" or "Controversies." U.S. Const., art III, § 2, cl. 1. The doctrine of standing seeks to ensure that a plaintiff has a sufficient stake in the controversy to merit her being the proper party to litigate it. Constitutional standing under Article III has three elements: (1) the plaintiff must have suffered an "injury in fact"; (2) that was caused by the defendant's alleged conduct; and (3) that likely would be redressed by a favorable decision. White v. United States, 601 F.3d 545, 551 (6th Cir. 2010) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)).

"For purposes of ruling on a motion to dismiss for want of standing, both the trial

3

and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 880-81 (6th Cir. 2004) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)); *but see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (distinguishing between facial and factual challenges to subject matter jurisdiction and explaining that, under a factual challenge, the allegations in the complaint are not presumptively true), *and RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (adhering to the principal that, on a Rule 12(b)(1) factual attack on subject matter jurisdiction, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," and, therefore, "no presumptive truthfulness attaches to plaintiff's allegations").

Standing cannot, however, be inferred from averments in the pleadings, but rather must affirmatively appear in the record; and naked assertions devoid of further factual enhancement will not suffice. *White*, 601 F.3d at 551-52 (quoting *Spencer v. Kemna*, 523 U.S. 1, 10-11 (1998), *and Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The party invoking federal jurisdiction bears the burden of establishing the elements of standing. *Cob Clearinghouse Corp.*, 362 F.3d at 881 (citing *Lujan*, 504 U.S. at 561).

As Plaintiff concedes that she does not have standing to sue the Commissioner for the denial of the claimant's SSI application (Pl.'s Br. Opp'n 4), the remaining issue before this Court is whether Plaintiff has standing to challenge the Commissioner's denial of the claimant's DIB application.

4

If a claimant dies before she receives an underpayment of DIB, certain other individuals may receive the DIB underpayment pursuant to an order of priority. *See* 20 C.F.R. § 404.503(b); 42 U.S.C. § 404(d). Generally, the parents of the deceased claimant are third in the order of priority, preceded by the deceased claimant's surviving spouse and children, respectively. 20 C.F.R. § 404.503(b)(1); 42 U.S.C. § 404(d). A member of any of the enumerated classes eligible for a deceased claimant's benefits has standing to pursue the deceased claimant's benefits. *See Youghioheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 247 (6th Cir. 1995). An eligible individual, however, may receive such benefits only if there are no preceding eligible individuals in the order of priority. *See* 20 C.F.R. § 404.503(c); 42 U.S.C. § 404(d).

The Commissioner argues that Plaintiff lacks standing to challenge the Commissioner's denial of the claimant's DIB application because Plaintiff has not shown that she is the person highest in priority to receive the claimant's possible DIB underpayment.[1] The Court agrees.

Plaintiff relies upon 42 U.S.C. § 404(d) as evidence of Congress's intent to grant a deceased claimant's parents a legally protected financial interest in the deceased claimant's DIB. In support, Plaintiff cites *Youghioheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 247 (6th Cir. 1995), which explains that "[a] member of any of the enumerated classes [in the descending list of priority] has standing to pursue the deceased beneficiary's benefits." *Webb,* 49 F.3d at 248. *Webb* does not, however,

---

[1] The Commissioner further maintains that the finding that the claimant was not disabled and, therefore, was not entitled to DIB, is without error. (Def.'s Mot. Dis. 5.)

5

provide that a member of any of the enumerated classes may sue the Commissioner for benefits to which members of another class have priority; and the Court is not persuaded that *Webb* supports such a principle.[2]

Plaintiff has not provided any other basis for standing in this case.  Although the documentation attached to Plaintiff's Motion to Amend supports Plaintiff's allegations that the claimant is deceased and that Plaintiff is the claimant's mother, the claimant's obituary indicates that the claimant was survived by, among others, her spouse and two children.  (Mot. Amend. Attach. 1.)  Further, Plaintiff concedes that the claimant's surviving children have priority over Plaintiff to receive the claimant's possible DIB underpayment.  (Pl.'s Br. Opp'n 3.)  Plaintiff does not address the priority of the claimant's surviving spouse.  Therefore, Plaintiff has failed to establish that she has an

---

[2] In *Webb*, a miner filed a claim for black lung disability benefits and died before benefits were awarded.  *Webb*, 49 F.3d at 246.  The miner declared his wife as his sole dependent in his application for benefits, but his wife died before he did.  *Id.*  The benefits were instead awarded to the miner's non-dependent son, Webb, as executor of the miner's estate.  *Id.*  The miner's employer appealed and raised two issues, including whether the executor of the miner's estate could pursue the miner's black lung benefits.  *Id.* at 247.  The court found that the Black Lung Benefits Act provided for payment of a deceased miner's benefits to individuals in a descending level of priority in the same fashion as Title II of the Social Security Act.  *Id.*  The court then found that the deceased miner's benefits were payable to Webb as a non-dependent surviving child.  *Id.* at 249.  The court noted in a footnote that the record showed the existence of other surviving children, and that any payment to Webb would have to be shared equally with Webb's siblings.  *Id.* at 249 n. 6.  The court did not, however, address the question of whether a member of one of the enumerated classes may pursue benefits to which members of another class have priority.  Indeed, it appears that it was not necessary for the court in *Webb* to address the question, as the court found that Webb was entitled to receive the deceased miner's benefits as the deceased miner's non-dependent child rather than as executor of the deceased miner's estate, and that Webb's siblings were also entitled to receive the deceased miner's benefits as members of the same class of eligible individuals.  See *id.* at 249.

6

actual right to the claimant's possible DIB underpayment and that a deprivation of her right to such an underpayment is imminent. Rather, Plaintiff's alleged injury of being deprived of her legal interest in any underpayment is hypothetical because Plaintiff would be entitled to receive such an underpayment *only if* the claimant's surviving spouse or children were ineligible to receive it.

The "injury in fact" prong of the standing doctrine requires "an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotes and citation omitted). Because Plaintiff's alleged injury is only hypothetical, it is not an injury in fact. *See Sandiford v. Astrue*, No. 3:08-cv-294, 2009 WL 2901670, at *1 (M.D. Fla. Sep. 4, 2009) (where a deceased claimant's sister sought to substitute as plaintiff in a suit challenging the Commissioner's denial of the claimant's application for disability benefits, the court held, in part, that the sister "is not a proper party for substitution absent a showing that no other individual(s) qualify under the classes described in 42 U.S.C. § 404(d)(1-6)"). Moreover, Plaintiff has failed to show that a favorable decision would likely redress her alleged injury, as Plaintiff has failed to show that *she* would receive any of the claimant's DIB underpayment upon a favorable outcome in this case.[3]

Furthermore, Plaintiff's proposed amendment to her complaint and

---

[3] The Commissioner also argues in his reply brief that "Plaintiff's position is untenable because it leaves the Commissioner open to multiple lawsuits concerning the same claim," as the claimant's surviving children could also pursue the claimant's benefits. (Def.'s Reply 3, citing *Cunningham v. Astrue*, 360 F. App'x 606, 611 (6th Cir. 2010)).

corresponding documentation offered with Plaintiff's Motion to Amend do not establish that Plaintiff has standing. Accordingly, Plaintiff's Motion to Amend should be denied without prejudice,[4] and Plaintiff should be allowed to file a second amended complaint. The second amended complaint should include appropriate documentation showing that Plaintiff is entitled to, and has priority to, the claimant's possible DIB underpayment.

### III.

For the foregoing reasons, the Magistrate Judge recommends that: (1) the Commissioner's Motion to Dismiss should be GRANTED, but the Commissioner's motion to dismiss Plaintiff's claim for SSI should be granted *with prejudice* and his motion to dismiss Plaintiff's claim for DIB should be granted *without prejudice*; (2) Plaintiff's Motion to Amend should be DENIED because the proposed amended complaint does not cure the defect in the original complaint; and (3) Plaintiff should be permitted to file a second amended complaint consistent with this Report and Recommendation within 14 days if she has a good faith factual basis and evidentiary support to do so.

s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

Date: June 20, 2011

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the**

---

[4] *See* Rule 12(b)(1) *and* Rogers v. Stratton Indus., Inc., 798 F.2d 913, 916-18 (6th Cir. 1986) (per curiam).

**Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**