IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
KYLE HAKKARAINEN, on behalf of : CASE NO. 1:10 CV 02463
NATALIE A. BLANTON :
 :
 : <u>MEMORANDUM AND ORDER</u>
Plaintiff, : <u>ADOPTING IN PART AND REJECTING</u>
 : <u>IN PART THE MAGISTRATE JUDGE'S</u>
-vs- : <u>REPORT AND RECOMMENDATION</u>
 : <u>AND GRANTING IN PART AND</u>
 : <u>DENYING IN PART THE PLAINTIFF'S</u>
COMMISSIONER OF SOCIAL : <u>MOTION FOR ATTORNEY FEES AND</u>
SECURITY, <u>COSTS</u>

Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

This matter comes before the Court on the defendant Commissioner of Social Security's ("the Commissioner") objections to the Magistrate Judge's recommendation that the plaintiff be awarded $5,297.59 in attorney fees and costs. (Doc. 46). The Commissioner does not dispute that a fee award is appropriate in this instance but contends that the Magistrate Judge erred by concluding that the plaintiff is entitled to an hourly rate in excess of the statutory cap set forth in the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA"). (Doc. 46). The plaintiff has responded in opposition, arguing that the upward departure is correct. (Doc. 47). On 9 May 2013, the plaintiff filed

supplemental materials, without leave, in support of his application for payment of fees, which the Commissioner has moved to strike. (Docs. 48, 49).

Because the plaintiff did not seek leave to supplement his application, the motion to strike is granted. For the reasons stated below, the Commissioner's objection to the Magistrate Judge's report and recommendation is well-taken. Therefore, insofar as the Magistrate Judge recommended fee rates in excess of the statutory cap, the recommendation is rejected. The report and recommendation is otherwise adopted.

**I. Background**

Claimant Natalie Blanton's applications for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income were denied at the administrative level. After the claimant died, her mother Ann A. Blanton initiated this suit challenging the Commissioner's final decision denying benefits. (Doc. 1). The case was automatically referred to United States Magistrate Judge Nancy A. Vecchiarelli pursuant to Local Rule 72.2(b). After a partial dismissal, the complaint was amended and the claimant's son Kyle Hakkarainen ("the plaintiff") was added as party plaintiff. (Docs. 20, 21, 22, 23, 25). On 18 October 2011, the plaintiff filed a brief on the merits, to which the Commissioner responded. (Docs. 32, 35). On 19 January 2012, the Magistrate Judge recommended that the Commissioner's final decision be reversed and the matter be remanded for further proceedings. (Doc. 37). Without objection from the parties, this Court adopted the Magistrate Judge's recommendation. (Doc. 39).

On 7 May 2012, the plaintiff filed the instant motion for attorney fees, expenses, and costs totaling $7,990.38 pursuant to the EAJA. (Doc. 40). The Commissioner filed a brief in opposition. (Doc. 41). On 27 June 2012, the Magistrate Judge issued an R&R

2

with the following recommendations: that the plaintiff is entitled to an enhanced attorney fee rate in excess of the $125.00 statutory cap set by the EAJA[1]; that the plaintiff should be compensated for 28.2 hours of legal work performed by counsel and for 0.2 hours of secretarial/clerical work at a reduced hourly rate of $60; and that the plaintiff should be awarded a total of $5,297.59 in fees and costs. The Commissioner now objects to the recommendation that the plaintiff is entitled to an hourly rate in excess of the statutory cap.

## II. Discussion

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

The EAJA provides for payment of attorney fees to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The EAJA sets a $125 statutory cap on the hourly rates that the prevailing party may be reimbursed. 28 U.S.C. § 2412(d)(2)(A).  An award in excess of

---

[1] The Magistrate Judge concluded that the plaintiff was entitled to hourly rates of $169.45, $175.00, and $177.88 for the years 2010, 2011, and 2012, respectively, based on an increase to the cost of living.

the cap must be justified by "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). It is within the Court's discretion to award EAJA fees at a rate greater than the statutory rate. See Begley v. Sec'y of Health & Human Servs., 966 F.2d 196, 198 (6th Cir.1992).

It is the fee applicant's burden to produce appropriate evidence to support a cost of living increase. Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 450 (6th Cir. 2009) (citing Blum v. Stenson, 465 U.S. 886, 898 (1984)). It is not sufficient for a fee applicant seeking a cost of living increase to simply provide the Department of Labor's Consumer Price Index. Id. at 450. Rather, the applicant must offer enough evidence for the Court to determine "the prevailing market rate for attorneys' services of the kind and quality rendered in [the particular] case." Begley, 966 F.2d at 200. Based on the appropriate evidence, the Court "consider[s] and determine[s], as an exercise of its discretion, whether increases in the cost of living justify an award in excess of [the statutory cap]." Id. The Sixth Circuit has stressed that the EAJA's statutory rate "is a ceiling and not a floor," and that the district court should "carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." Id. at 199, 200.

In this instance, there is no dispute that the plaintiff is a prevailing party entitled to a fee award. The only question is whether the plaintiff met his burden show that increases to the cost of living justify an enhanced fee. The plaintiff submitted the following evidence in support of his claim: (1) The Department of Labor's Consumer Price Index showing an increase to the cost of living by a factor of approximately 1.4 since 29 March 1996, the date when the current statutory cap became effective; (2) an

4

Ohio State Bar Association survey ("OSBA Survey") indicating that mean hourly billing rates for Downtown Cleveland, Suburban Cleveland, and Greater Cleveland are $275.00, $213.00, and $239.00, respectively; (3) a survey conducted by Ronald Burdge, Esq., ("Consumer Law Survey") reporting that Ohio "consumer law" attorneys with 16 to 20 years experience bill an average hourly rate of $323.00; (4) an affidavit indicating that plaintiff's counsel has been a social security practitioner for 18 years; and (5) an affidavit showing that counsel's customary rate has been between $350.00 and $385.00 since 2010. The Magistrate Judge concluded that this evidence was sufficient to justify hourly rates in excess of the cap.

      The Commissioner objects on the ground that none of the plaintiff's evidence offers any insight into the prevailing market rate for social security practitioners in particular, pursuant to the standards set forth in Begley and Bryant, making an enhanced award improper. The Court agrees. Under the EAJA, fee applicants must produce appropriate evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Bryant, 578 F.3d at 450. In this instance, plaintiff's counsel is a Cleveland area social security practitioner of eighteen years requesting an hourly rate of approximately $170. None of the evidence noted above addresses the question whether the rates that counsel requests are "in line" with the prevailing rates of similar practitioners.

      First, the Consumer Price Index data provided by the plaintiff is not enough to justify a cost of living increase pursuant to Bryant. Id. at 450. Although the plaintiff offers additional evidence, it misses the mark. The OSBA survey data cited by the plaintiff is

5

insufficient because it relates to the average rates of all Cleveland attorneys, without reference to "indices as to kind or quality of services rendered." See Keyes v. Astrue, 1:11-CV-0312, 2012 WL 2498892, at *3 (N.D. Ohio 27 June 2012) (Gwin, J.) (rejecting the OSBA survey data as insufficient); Jones v. Comm'r of Soc. Sec., 1:10 CV 2568 (N.D. Ohio 11 September 2012) (Nugent, J.) (same); see also Taylor v. Astrue, 1:12 CV 293, 2012 WL 5465989 (N.D. Ohio 8 Nov. 2012) (Gaughan, J.) (rejecting a similar survey because rate data were "not specific to attorneys practicing in the social security field."). The Consumer Law Survey is likewise inadequate because while providing data on specific practice areas, it does not include attorney rates for social security practitioners or the like. See Keyes, 2012 WL 2498892, at *3 (finding the Consumer Law Survey unhelpful because "there is no indication that any Social Security-specific practices comprise any statistically significant position–or any position at all–among the survey respondents"). Further, counsel's affidavit setting forth her years of experience and her customary fee is insufficient because this is not evidence of the prevailing rates of comparable attorneys in her field.

In sum, the plaintiff has not demonstrated that counsel's requested rates are consistent with those prevailing among similar attorneys in the community. Nor has the plaintiff cited any other evidence or any special factor that would justify an upward departure from the statutory rate in this instance. The request for fees in excess of the cap is accordingly rejected.

**III. Conclusion**

For the reasons stated, the Court rejects the Magistrate Judge's recommendation that hourly rates in excess of the EAJA statutory cap are warranted in this instance. The

report and recommendation is otherwise adopted. The plaintiff's application for an award of attorney fees and costs is granted in part and denied in part. The plaintiff, being entitled to attorney fees at the hourly rate of $125, is hereby awarded $3,537 in attorney fees[2] and $350 in costs.

    IT IS SO ORDERED.

                                        /s/ Lesley Wells
                                  UNITED STATES DISTRICT JUDGE

Date:  11 June 2013

---

[2]    Total attorney fees are based on 28.2 billable hours at the statutory rate of $125 and, as set forth in the report and recommendation, 0.2 clerical hours at the paralegal rate of $60 per hour.